UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

SATURNINO NAVARRETE,
and other similarly situated individuals,

    Plaintiff (s)

v.

FIESTA CAROUSEL, INC.
and MIGUEL R. HECHAVARRIA
individually,

    Defendants.
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, SATURNINO NAVARRETE, by and through the undersigned counsel, and hereby sues Defendants FIESTA CAROUSEL, INC., and MIGUEL R. HECHAVARRIA, individually, and alleges:

1. This is an action to recover money damages for unpaid regular and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff SATURNINO NAVARRETE is a resident of Dade County, who worked in Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant FIESTA CAROUSEL, INC., (hereinafter FIESTA CAROUSEL, or Defendant) is a Florida corporation with a place of business within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce. Defendant is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. The individual Defendant MIGUEL R. HECHAVARRIA was and is now the owner/officer and manager of Defendant Corporation FIESTA CAROUSEL. Defendant MIGUEL R. HECHAVARRIA is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after December 2018, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendant FIESTA CAROUSEL is a party equipment rental company handling the logistics of all kinds of events, including the rental of tents, deco, and furniture.

8. Defendants have warehousing facilities located at 991 West 22nd Street, Hialeah, Florida 33010, where Plaintiff worked.

9. Defendants FIESTA CAROUSEL and MIGUEL R. HECHAVARRIA employed Plaintiff SATURNINO NAVARRETE as a non-exempted, full-time, hourly employee from February 2003 to October 27, 2020, or more than 17 years. However, for FLSA's purposes, Plaintiff's relevant time of employment is 126 weeks.

10. Plaintiff had duties as a party rental leadman. Plaintiff's duties included the delivery and installation of party rental equipment, loading, unloading, and warehousing. Within the relevant period of employment, Plaintiff was paid at the wage rate of $10.00, $11.00, and $12.75 an hour.

11. During his relevant employment period with the Defendants, Plaintiff had a regular schedule. Plaintiff worked 7 per week, on Mondays, Tuesdays, Fridays, Saturdays, and Sundays, Plaintiff worked from 5:00 AM to 11:00 PM (18 hours daily); on Wednesday and Thursdays, Plaintiff worked from 7:00 AM to 7:00 PM (12 hours daily). Plaintiff worked a total of 114 hours every week. Plaintiff was not able to take bonafide lunch periods.

12. In 2020, due to the COVID-19 pandemic, Plaintiff's working hours were reduced. Still, Plaintiff worked an average of 7 days with 70 working hours weekly, giving rental services (tents, furniture, and linens) to hospitals and health institutions.

13. Plaintiff worked more than 40 hours every week, but he was not paid for all his working hours. Plaintiff was paid 40 regular hours plus an undetermined number of overtime hours at his regular wage. Defendants paid Plaintiff a different number of overtime hours every week.

14. Defendants never paid Plaintiff the correct number of overtime hours. Defendants paid just a part of Plaintiff's overtime hours at his regular wage rate. However, the remaining overtime hours were not paid at any rate, not even at the minimum wage rate.

15. Plaintiff did not clock in and out, but Plaintiff and other similarly situated employees signed timesheets, and Defendants were in complete control of Plaintiff's schedule. Defendants were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

16. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. Plaintiff was paid weekly with checks and cash, or checks of 2 different companies, without any paystubs showing the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

18. Plaintiff disagreed with the number of hours paid to him, and he complained numerous times. Plaintiff alleges that Defendant MIGUEL R. HECHAVARRIA did not pay any attention and ignored Plaintiff.

19. On or about October 27, 2020, Plaintiff suffered a stroke, and he was not able to return to work.

20. Plaintiff does not have time and payment records, but he will provide a good faith estimate of unpaid overtime hours based on the number of hours that he worked and the wage rate paid. Upon discovery, Plaintiff will amend his Statement of Claim to deduct any payment received for overtime hours.

21. Plaintiff SATURNINO NAVARRETE seeks to recover half-time overtime wages for every overtime hour that was paid to him at his regular rate; overtime hours at the rate of time and one-half his regular rate, for all the hours that were not paid to him at any rate,

during all his period of employment with Defendants, liquidated damages, attorney fees, and any other relief as allowable by law.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

22. Plaintiff SATURNINO NAVARRETE re-adopts every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. This action is brought by Plaintiff and those similarly situated to recover from the Employers FIESTA CAROUSEL unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half-time the regular rate at which he is employed."

24. At all times pertinent to this Complaint, Defendant FIESTA CAROUSEL was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant is a party rental company for residential and corporate events. At all times, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. At all times, Defendant had more than two employees regularly engaged in interstate commerce. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information

and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

25. Plaintiff's work for the Defendant likewise affected interstate commerce. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, he regularly handled and worked on goods and materials that had been produced for commerce and moved in interstate commerce at any stage of the business. Therefore, there is FLSA individual coverage.

26. Defendants FIESTA CAROUSEL and MIGUEL R. HECHAVARRIA employed Plaintiff SATURNINO NAVARRETE as a non-exempted, full-time, hourly employee from February 2003 to October 27, 2020, or more than 17 years. However, for FLSA's purposes, Plaintiff's relevant time of employment is 126 weeks.

27. Plaintiff's duties included the delivery and installation of party rental equipment, loading, unloading, and warehousing.

28. Within the relevant period of employment, Plaintiff was paid at the wage rate of $10.00, $11.00, and $12.75 an hour.

29. During his relevant employment period with the Defendants, Plaintiff had a regular schedule. Plaintiff worked 7 per week, a total of 114 hours every week. Plaintiff was not able to take bonafide lunch periods.

30. In 2020, due to the COVID-19 pandemic, Plaintiff's working hours were reduced. Still, Plaintiff worked an average of 7 days with 70 hours weekly, giving rental services (tents, furniture, and linens) to hospitals and health institutions.

31. Plaintiff worked more than 40 hours every week, but he was not paid for all his working hours. Plaintiff was paid 40 regular hours plus an undetermined number of overtime hours at his regular wage.

32. Defendants never paid Plaintiff the correct number of overtime hours. Defendants paid just a part of Plaintiff's overtime hours at his regular wage rate. However, the remaining overtime hours were not paid at any rate, not even at the minimum wage rate.

33. Plaintiff did not clock in and out, but Plaintiff and other similarly situated employees signed timesheets, and Defendants were in complete control of Plaintiff's schedule. Defendants were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

34. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

35. Plaintiff was paid weekly with checks and cash, or checks of two different companies, without any paystubs showing the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

36. The records, if any, concerning the number of hours worked by Plaintiff SATURNINO NAVARRETE and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.

37. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of allegedly unpaid overtime wages</u>:

   Forty-Three Thousand Nine Hundred Fifty-Two Dollars and 12/100 ($43,952.12)

   b. <u>Calculation of such wages</u>:

   Total time of employment: more than 17 years
   Total relevant period of employment: 126 weeks

   **1.- Overtime 2018 / 31 weeks @ $10.00 an hour**
   Relevant number of weeks: 31 weeks
   Total number of hours worked:  114 hours weekly average
   Total number of overtime hours:  74 O/T hours
   Regular rate: $10.00 an hour x 1.5=$15.00 O/T rate
   O/T rate: $15.00 - $10.00 rate paid=$5.00 half-time difference
   Half-time:  $5.00

   Half-time $5.00 x74 O/T hours=$370.00 weekly x 31 weeks=$11,470.00

   **2.- Overtime 2019 / 52 weeks @ $11.00 an hour**
   Relevant number of weeks: 52 weeks
   Total number of hours worked:  114 hours weekly average
   Total number of overtime hours:  74 O/T hours
   Regular rate: $11.00 an hour x 1.5=$16.50 O/T rate
   O/T rate: $16.50 - $11.00 rate paid=$5.50 half-time difference
   Half-time:  $5.50

   Half-time $5.50 x74 O/T hours=$407.00 weekly x 52 weeks=$21,164.00

   **3.-Overtime 2020 / 11 weeks @ $12.75 an hour (from 01/01/2020 to 03/15/2020**
   Relevant number of weeks: 11 weeks
   Total number of hours worked:  114 hours weekly average
   Total number of overtime hours:  74 O/T hours
   Regular rate: $12.75 an hour x 1.5=$19.13 O/T rate
   O/T rate: $19.13 - $12.75 rate paid=$6.38 half-time difference
   Half-time:  $6.38

Half-time $6.38 x74 O/T hours=$472.12 weekly x 11 weeks=$5,193.32

**4.-Overtime 2020 / 32 weeks @ $12.75 an hour (from 03/01/2020 to 10/27/2020)**
Relevant number of weeks: 32 weeks
Total number of hours worked:  70 hours weekly average
Total number of overtime hours:  30 O/T hours
Regular rate: $12.75 an hour x 1.5=$19.13 O/T rate
O/T rate: $19.13 - $12.75 rate paid=$6.38 half-time difference
Half-time:  $6.38

Half-time $6.38 x30 O/T hours=$191.40 weekly x 32 weeks=$6,124.80
Total #1, # 2, # 3 and #4: $43,952.12

  c. Nature of wages (e.g., overtime or straight time):

  This amount represents the unpaid half-time overtime wages.

39. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

40. Defendants FIESTA CAROUSEL and MIGUEL R. HECHAVARRIA knew and showed reckless disregard of the Act's provisions concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

41. At times mentioned, the individual Defendant MIGUEL R. HECHAVARRIA was the owner and manager of FIESTA CAROUSEL. Defendant MIGUEL R. HECHAVARRIA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of FIESTA CAROUSEL concerning their

employees, including Plaintiff and others similarly situated. Defendant MIGUEL R. HECHAVARRIA had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

42. Defendants FIESTA CAROUSEL and MIGUEL R. HECHAVARRIA willfully and intentionally refused to pay Plaintiff overtime wages as required by the United States law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

43. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SATURNINO NAVARRETE and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff SATURNINO NAVARRETE and other similarly situated and against the Defendants FIESTA CAROUSEL and MIGUEL R. HECHAVARRIA based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff SATURNINO NAVARRETE and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

DATED: June 1, 2020

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*